LEM BETTS, A. D. JONES AND BOB HENSON V. THE STATE.

No. 16529. Delivered March 21, 1934.
Rehearing Dismissed as to Jones April 11, 1934.
Rehearing Denied May 9, 1934.

The opinion states the case.

*L. C. Counts,* of Olney, and *R. F. Fancher,* of Seymour, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary as to each appellant.

The three appellants were jointly indicted, tried and convicted. There are several bills of exception, all of which have been examined, but none of which shows error. Clearly it was permissible for the State to prove by the sheriff that the appellants were together and going east away from the direction of their car when he observed them down in a pasture; also that at the time appellant Betts had an arm load of jars of whisky, appellant Henson had two, and Jones had none; also that they all ran and were pursued by him; also that when he came to where they had been he found broken fruit jars and whisky and moist places having the odor of whisky.

The sheriff testified that after observing these parties and their flight, the broken whisky jars, etc. etc, he went to Seymour, some miles away, and got Mr. Tarleton who came back with him to this place, and here Mr. Tarleton observed the broken jars, the damp spots, the smell of whisky, etc. Seven of appellant's bills complain of the testimony of Mr. Tarleton as to what he saw and smelled at the place to which he came with the sheriff. It would not be necessary to the admissibility of Mr. Tarleton's testimony that the appellants, or any of them, were present when he came to the scene and observed the things about which he testified. Two bills were reserved to the testimony of Mr. Jester, which occupied the same attitude as that of Mr. Tarleton.

Appellant Jones took the stand and testified. It certainly was in line with all the authorities for the State to ask him, and for him to admit while on the witness stand, that he was under indictment for other felonies, and the fact that such

other felonies were violations of the liquor law would not affect its admissibility. The effect of this testimony was properly limited in the court's charge.

We think the testimony sufficient as to all these appellants. The defense was that they all went together to the place where the officer located them, to find and get drinks of whisky from a quantity which they said had been reported to appellant Henson as being where they were in the pasture when seen by the sheriff. Jones and Henson both testified. Henson swore that he told Betts and Jones what had been told him by one Slim, who said he had several jars of whisky out a few miles from Seymour in a pasture; they all went out to see and get a drink of it. He admitted having two jars of it in his possession, which he broke when the officer called to them. He said he did not see Betts or Jones have any whisky. Jones testified that he went out with Betts and Henson just to get a drink of whisky, and denied having any whisky in his possession while he was out there. He also denied that he was with the other two men when the sheriff came, and denied running away with them, and swore when his party got out of their car he went in an opposite direction to attend a call of nature. The sheriff testified that when he coasted down the hill to where the parked car of appellants was, he saw them all together going away from the car in an easterly direction, Betts having a number of jars of whisky in his arms, Henson having two jars of such whisky, and that he did not see Jones have any.

The guilt of Betts and Henson is beyond question. Upon the running away of all three men when hailed by the sheriff, Henson broke his two jars of whisky at the spot, but the officers followed the runaways and found other broken jars and spots wet with whisky along the line of flight. Jones seems to have gotten entirely away at the time. His presence in company with the other two men who had each a number of jars of whisky and were engaged in its transportation, same being felonious; his evident going with them from their car while they were carrying the liquor in their arms, to where they were observed by the officer; his flight, his fabrication of testimony favorable to himself as well as the other appellants,—are all deemed circumstances of such weight as to be sufficient to make the question of Jones being a principal with the other two,—engaged in the transportation of whisky,—a question for the jury. The case was submitted on the law of circumstantial evidence, and the jury have decided the matter adversely to appellants.

Finding no cause for reversal, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—On March 21, 1934 opinion was handed down by this court in which judgment against A. D. Jones, Lem Betts and Bob Henson was affirmed, conviction of each of them having been for transportation of intoxicating liquor, with punishment of one year against each.

On April 3d a motion for rehearing was filed in behalf of all three appellants. At this time there is on file an affidavit of A. D. Jones requesting that his motion for rehearing be dismissed and that mandate be issue at once in order that his sentence might begin to run.

Upon such request the motion for rehearing as to said Jones is ordered dismissed, and the clerk is directed to issue at once mandate on the original judgment of affirmance as to said Jones.

*Dismissed as to appellant Jones.*

### ON FURTHER MOTION FOR REHEARING.

HAWKINS, JUDGE.—The judgment of affirmance was originally against Betts, Henson and Jones, and the motion for rehearing was filed for all three of the parties. Heretofore on April 11, 1934, at the request of Jones the motion for rehearing as to him was dismissed and mandate on the original judgment of affirmance directed to be issued against him.

We have carefully reviewed the record as to Betts and Henson, and remain of opinion that our original disposition of the case was correct, and as to them the motion for rehearing is overruled.

*Overruled*